UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS ANTONIO VERA,<br><br>    Plaintiff,<br><br>    v.<br><br>FLEXSHOPPER, LLC, et al.,<br><br>    Defendants. | Case No. 22-cv-01797-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, ATTORNEYS' FEES, AND COSTS**<br><br>Re: Dkt. No. 17 |

Plaintiff brings fair debt collection practices claims against a debt collector and its agent. (Dkt. No. 1.)[1] Defendants failed to appear or defend themselves and the Clerk of Court entered default on May 23, 2022. (Dkt. No. 12.) Before the Court is Plaintiff's motion for default judgment, attorneys' fees, and costs. (Dkt. No. 17.) Having carefully considered the briefing, and having vacated the scheduled hearing, *see* N.D. Cal. Civ. L.R. 7-1(b), the Court GRANTS the motion in PART.

**BACKGROUND**

**A.     Complaint Allegations**

Plaintiff, a resident of Alameda County, California, fell behind on payments on his consumer loan from Defendant FlexShopper, LLC. FlexShopper hired Defendant Mark A. Nestor, a Georgia-licensed attorney, to collect the debt. On February 23, 2022, Plaintiff received an email from "Mark A. Nestor Law Office" on behalf of FlexShopper, demanding $577.06. (Dkt. No. 1 ¶ 27.) Plaintiff responded that he refused to pay the debt. Defendants emailed Plaintiff again on February 25, March 1, and March 3, threatening that "failure to communicate

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

will only result in further collection attempts." (*Id.* ¶ 29.) None of the emails contained the notices required by California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA").

Plaintiff brings claims under Sections 1692c, 1692d, and 1692e of the federal Fair Debt Collection Practices Act ("FDCPA") against Mr. Nestor.[2] (*Id.* ¶¶ 32–40.) He brings claims under Section 1788.13(b), 1788.13(j), 1812.700, and 1788.17 of the RFDCPA against both Defendants. (*Id.* ¶¶ 41–52.) The complaint demands actual damages, statutory damages in the amount of $1,000 under each Act, and attorneys' fees and costs. (*Id.* at 10.)

### B.      Procedural Background

After the Clerk entered default on May 23, 2022, Defendant Mr. Nestor sent a letter to the Clerk objecting to entry of default on the basis that "Case 4:22-cv-01797-JSC Does Not Exist" and that he has been unable to locate a case bearing that number against himself or FlexShopper. (Dkt. No. 13.) (The correct case number is 3:22-cv-01797-JSC.) On June 9, the Court ordered that if Defendants wished to challenge the entry of default, they should file a noticed motion under Federal Rule of Civil Procedure 55(c). (Dkt. No. 14 (citing *Franchise Holding II, LLC. v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004)).) The Court also directed the parties to meet and confer by June 13 regarding whether a stipulation could be reached as to setting aside the default. That order was mailed to Mr. Nestor on June 10. (*See* Dkt. No. 14.) No motion or stipulation to set aside default was filed.

On June 17, the Court issued a notice regarding the default judgment procedure and directing Plaintiff to file a motion for default judgment by July 14. (Dkt. No. 15.) Plaintiff served the notice on Defendants on June 20. (Dkt. No. 16.) On July 14, Plaintiff filed the pending motion for default judgment, attorneys' fees, and costs. (Dkt. No. 17.) He seeks $0 in actual damages, $4,000 in statutory damages, $8,585 in attorneys' fees, and $767.04 in costs. (*Id.* at 12.)

Defendants filed an opposition through counsel who appeared for the first time. (Dkt. No.

---

[2] The Court construes Plaintiff's Section 1692e claim to be brought only against Mr. Nestor because the allegations only name him, (Dkt. No. 1 ¶¶ 38–40), and because the complaint asserts FlexShopper is a "debt collector" only within the meaning of the RFDCPA, not the FDCPA, (*id.* ¶ 16).

2

20.)  The opposition does not argue that the entry of default should be set aside under Rule 55(c) or that default judgment should not be entered; it focuses on challenging Plaintiff's requested relief.  Defendants ask the Court to award FDCPA damages between $100 and $1,000; to decline to award RFDCPA damages or, in the alternative, to award an amount between $100 and $1,000; and to award attorneys' fees in an amount not to exceed $1,000.

## DISCUSSION

### I. JURISDICTION AND SERVICE OF PROCESS

#### A. Subject Matter Jurisdiction and Personal Jurisdiction

Courts have a duty to examine both subject matter and personal jurisdiction when default judgment is sought against a non-appearing party.  *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

The Court has federal question subject matter jurisdiction over Plaintiff's FDCPA claims and supplemental jurisdiction over his RFDCPA claims.  *See* 28 U.S.C. §§ 1331, 1367(a).  The Court may exercise specific personal jurisdiction over Defendants because the complaint establishes that they targeted their debt collection activities at Plaintiff while he was a California resident.  *See Frazier v. Am. Credit Resolution, Inc.*, No. 18-cv-07729-TSH, 2019 WL 5310718, at *3–4 (N.D. Cal. Oct. 21, 2019) (concluding that California's long-arm statute and federal due process authorize specific personal jurisdiction over debt collector who called plaintiff in California to collect); *Patterson v. Latimer Levay Jurasek LLC*, No. 09cv0567–IEG–POR, 2009 WL 1862427, at *3–4 (S.D. Cal. June 29, 2009) (same, with collection letters); *see also Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) ("With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true.").

#### B. Service of Process

The Court must assess whether the defendant against whom default judgment is sought was properly served with notice of the action.  *See Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1088 (N.D. Cal. 2008).  Plaintiff served Mr. Nestor via personal service, (Dkt. No. 9), and FlexShopper via personal service on a person authorized to accept service, (Dkt. No. 8).  Both were proper under Federal Rule of Civil Procedure 4.  *See* Fed. R. Civ. P. 4(e)(2)(A),

3

(h)(1)(B).

## II. DEFAULT JUDGMENT

After entry of default, the Court may grant default judgment on the merits of the case. Fed. R. Civ. P. 55. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Here, Defendants' actual notice of the lawsuit; failure to file a motion to set aside default under Rule 55(c); and concession in their opposition that default judgment is warranted persuade the Court to exercise its discretion in favor of default judgment.[3] Relatedly, the *Eitel* factors weigh in favor of granting default judgment:

> (1) the possibility of prejudice to the plaintiff[;] (2) the merits of plaintiff's substantive claim[;] (3) the sufficiency of the complaint[;] (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect[;] and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### A. Possibility of Prejudice to the Plaintiff

Plaintiff will be prejudiced without a default judgment because Defendants did not respond to the complaint and Plaintiff would be without a remedy. *See Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1054–55 (N.D. Cal. 2010).

### B. Merits of Substantive Claim & Sufficiency of the Complaint

The second and third factors, "often analyzed together," require the plaintiff "to plead facts sufficient to establish and succeed upon its claims." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010); *see Fair Hous. of Marin*, 285 F.3d at 906 (factual allegations related to liability deemed admitted).

#### 1. Mr. Nestor

"In order for a plaintiff to recover under the FDCPA, there are three threshold

---

[3] (*See* Dkt. No. 20 at 4 ("Defendants may have misstepped in their efforts to collect a . . . $577.00 debt[] from plaintiff, and violated the [FDCPA] and/or the [RFDCPA]."), 10 ("Defendants . . . understand that default judgment against them is inevitable . . . .").)

4

requirements: (1) the plaintiff must be a 'consumer'; (2) the defendant must be a 'debt collector'; and (3) the defendant must have committed some act or omission in violation of the FDCPA." *Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009).

Plaintiff adequately alleges that he was a consumer and Mr. Nestor was a debt collector under the FDCPA. *See* 15 U.S.C. §§ 1692a(3) (defining consumer as "any natural person obligated or allegedly obligated to pay any debt"), 1692a(6) (defining debt collector, in part, as "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another"); *cf. Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 774 n.1 (9th Cir. 2017) ("[A] creditor collecting debts on its own behalf is not a 'debt collector.'"). Plaintiff also adequately alleges that the purported debt arises out of a consensual consumer transaction. *See Fleming v. Pickard*, 581 F.3d 922, 925–26 (9th Cir. 2009). Finally, the Court notes that the same underlying conduct can give rise to claims under multiple sections of the FDCPA. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1177 (9th Cir. 2006).

### a. FDCPA Section 1692c

Section 1692c prohibits a debt collector from "communicat[ing] further with the consumer with respect to such debt" if the "consumer notifies [the] debt collector in writing that the consumer refuses to pay a debt." 15 U.S.C. § 1692c(c). Plaintiff adequately alleges that Mr. Nestor communicated further with Plaintiff with respect to the debt after Plaintiff wrote in an email that he refused to pay. *Cf. Makreas v. Moore Law Grp., A.P.C.*, No. C–11–2406 MMC, 2011 WL 4803005, at *4 (N.D. Cal. Oct. 11, 2011) (plaintiff failed to allege any communication after defendant received plaintiff's notification of refusal to pay). Accordingly, Plaintiff has pleaded facts sufficient to establish and succeed upon his Section 1692c claim. *See Dr. JKL*, 749 F. Supp. 2d at 1048.

### b. FDCPA Section 1692d

Section 1692d prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. "[N]atural consequences are evaluated according to their likely

effect on the least sophisticated consumer." *Kerwin v. Remittance Assistance Corp.*, 559 F. Supp. 2d 1117, 1124 (D. Nev. 2008). Plaintiff asserts that Mr. Nestor's February 25, March 1, and March 3, 2022 emails were harassing and oppressive, particularly because they threatened that "failure to communicate will only result in further collection attempts." (Dkt. No. 1 ¶ 29.)[4] Without more, these allegations do not rise to the level of harassing, oppressive, or abusive conduct. *Cf. Clark*, 460 F.3d at 1177 (finding triable issues as to whether "seeking to collect a debt known to be invalid or insufficiently verified constitutes a violation of § 1692d"); *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("Threatening and intimidating calls to a consumer at an inconvenient time or place could rationally support a jury finding of harassing conduct."). Plaintiff has not cited a case where conduct comparable to the three emails here was found to be harassing, oppressive, or abusive. *Cf. Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1226–29 (E.D. Cal. 2010) (citing cases finding harassment where debt collector called again immediately after consumer hung up; continued to call after consumer asked to stop calling; called many times; made threatening comments; or called places other than the consumer's home and/or at inconvenient hours). Accordingly, Plaintiff has not pleaded facts sufficient to establish and succeed upon his Section 1692d claim. *See Dr. JKL*, 749 F. Supp. 2d at 1048.

### c.   FDCPA Section 1692e

Section 1692e prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Whether conduct violates Section 1692e is a question of law requiring an objective analysis of "whether the least sophisticated debtor would likely be misled by a communication." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (cleaned up). Plaintiff asserts Mr. Nestor violated Section 1692e by, "among other qualifying actions and omissions, willfully intimat[ing] that Plaintiff would face legal action if he didn't pay." (Dkt. No. 1 ¶ 40.) This conclusory statement is insufficiently supported. Plaintiff alleges that Mr. Nestor's emails

---

[4] Plaintiff's motion for default judgment states that Defendants called him after he refused to pay, but the complaint only alleges they sent three emails.

1  threatened that "failure to communicate will only result in further collection attempts," (*id.* ¶ 29),
2  but he does not explain why further collection attempts plausibly support an inference of legal
3  action.  Moreover, the conclusory statement does not adequately allege that Mr. Nestor's conduct
4  was false, deceptive, or misleading.  There are no allegations plausibly supporting an inference
5  that Mr. Nestor had no intention of pursuing legal action or that he was legally prohibited from
6  pursuing legal action against Plaintiff.  *See Gonzales*, 660 F.3d at 1061–64 (applying Sections
7  1692e(5) and 1692e(10), part of the Section's "non-exhaustive list of examples of proscribed
8  conduct").  To the extent Plaintiff suggests Mr. Nestor could not pursue any legal action against
9  Plaintiff because Mr. Nestor is not licensed to practice law in California, Plaintiff does not connect
10 the dots or support this argument with case law.  Nor has Plaintiff cited any authority for the
11 proposition that intimating legal action, on its own, is false, deceptive, or misleading.
12 Accordingly, Plaintiff has not pleaded facts sufficient to establish and succeed upon his Section
13 1692e claim.  *See Dr. JKL*, 749 F. Supp. 2d at 1048.

### 2. Both Defendants

The RFDCPA shares aims with the FDCPA, but has a broader scope.  *See Davidson v. Seterus, Inc.*, 230 Cal. Rptr. 3d 441, 447–48, 454–55 (Cal. Ct. App. 2018).  In particular, the RFDCPA "defines 'debt collector' broader than the FDCPA does, by including persons collecting their own debts, whereas such persons are expressly exempted under the FDCPA." *Schneider v. Bank of Am. N.A.*, No. CIV. S–11–2953 LKK/DAD PS, 2014 WL 2118327, at *8 (E.D. Cal. May 21, 2014); *see* Cal. Civ. Code § 1788.2(c) (defining debt collector as "any person who, in the ordinary course of business, regularly, on behalf of that person or others, engages in debt collection").  For similar reasons as under the FDCPA, Plaintiff adequately alleges Mr. Nestor was a debt collector under the RFDCPA.  *See Davidson v. Seterus, Inc.*, 230 Cal. Rptr. 3d 441, 448 (Cal. Ct. App. 2018).  And, because the RFDCPA extends liability to persons engaging in debt collection on their own behalf, Plaintiff adequately alleges FlexShopper was a debt collector as well.

#### a. RFDCPA Section 1788.13(b)

Section 1788.13(b) prohibits a debt collector from "collect[ing] or attempt[ing] to collect a

consumer debt by means of . . . [a]ny false representation that any person is an attorney or counselor at law." Cal. Civ. Code § 1788.13(b). Plaintiff asserts that Mr. Nestor falsely represented that he was a California-licensed attorney when he threatened Plaintiff with legal action in California by sending demands for payment on attorney letterhead. But the bare allegation that Mr. Nestor threatened "further collection attempts" does not plausibly support an inference that he claimed he was licensed in California or that he threatened legal action. Moreover, Plaintiff alleges Mr. Nestor is licensed in Georgia and has not provided argument or authority for how that allegation affects the Section 1788.13(b) claim. Accordingly, Plaintiff has not pleaded facts sufficient to establish and succeed upon his Section 1788.13(b) claim against either Defendant. *See Dr. JKL*, 749 F. Supp. 2d at 1048.

### b.  RFDCPA Section 1788.13(j)

Section 1788.13(j) prohibits a debt collector from "collect[ing] or attempt[ing] to collect a consumer debt by means of . . . [t]he false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made." Cal. Civ. Code § 1788.13(j). Plaintiff has failed to sufficiently allege a violation of this Section against either Defendant for the same reasons as his Section 1788.13(b) claim.

### c.  RFDCPA Section 1812.700

Section 1812.700 requires debt collectors subject to the FDCPA to provide a notice to consumers "with the first written notice initially addressed to the [consumer's] California address." Cal. Civ. Code § 1812.700. Plaintiff adequately alleges that Mr. Nestor, who is subject to the FDCPA, did not provide the required notice in his first email on February 23, 2022. However, FlexShopper is not subject to the FDCPA, so Plaintiff has pleaded facts sufficient to establish and succeed upon his Section 1812.700 claim only against Mr. Nestor. *See Dr. JKL*, 749 F. Supp. 2d at 1048.

### d.  RFDCPA Section 1788.17

Section 1788.17 "generally requires debt collectors to comply with the provisions of the FDCPA." *Davidson*, 230 Cal. Rptr. 3d at 448; *see* Cal. Civ. Code § 1788.17. Because Plaintiff has pleaded facts sufficient to establish and succeed upon his FDCPA Section 1692c claim against

8

Mr. Nestor, he has sufficiently alleged a violation of RFDCPA Section 1788.17, but only with respect to Mr. Nestor. *See Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F. Supp. 2d 1104, 1118 (C.D. Cal. 2005) (granting summary judgment on Section 1788.17 claim after granting on FDCPA claim).

\* \* \*

The second and third *Eitel* factors weigh in favor of granting default judgment on Plaintiff's FDCPA Section 1692c claim against Mr. Nestor; RFDCPA Section 1812.700 claim against Mr. Nestor; and RFDCPA Section 1788.17 claim against Mr. Nestor. However, they weigh against granting default judgment on Plaintiff's FDCPA Section 1692d claim against Mr. Nestor; FDCPA Section 1692e claim against Mr. Nestor; RFDCPA Section 1788.13(b) claim against either Defendant; RFDCPA Section 1788.13(j) claim against either Defendant; RFDCPA Section 1812.700 claim against FlexShopper; and RFDCPA Section 1788.17 claim against FlexShopper.

### C. Money at Stake

The fourth factor considers the amount of money at stake in relation to the seriousness of the defendant's conduct. *Eitel*, 782 F.2d at 1471–72. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's actions." *Tech. LED Intellectual Prop., LLC v. Revogi, LLC*, No. 18-CV-03827-JSC, 2019 WL 2716610, at \*4 (N.D. Cal. June 27, 2019) (citation omitted); *see Eitel*, 782 F.2d at 1471–72. "Conversely, default judgment may be appropriate where it is tailored to the defendant's specific misconduct." *Tech. LED*, 2019 WL 2716610, at \*4 (cleaned up). Unlike liability, the Court need not accept as true complaint allegations related to damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

Plaintiff seeks $0 in actual damages, $4,000 in statutory damages, $8,585 in attorneys' fees, and $767.04 in costs. (Dkt. No. 17 at 12.) The requested statutory damages are tailored—by the legislatures—to the underlying misconduct. *See Amazon.com, Inc. v. Expert Tech Rogers Pvt. Ltd.*, No. 20-cv-07405-PJH (JSC), 2021 WL 4461601, at \*7 (N.D. Cal. Sept. 22, 2021), *report and recommendation adopted*, 2021 WL 4896120 (N.D. Cal. Oct. 20, 2021). The Court will assess the

9

1 reasonableness of the requested fees and costs below, but if they are recoverable, then the sum at
2 stake is appropriate and weighs in favor of granting default judgment.

### D. Possibility of a Dispute Concerning Material Facts

There is no indication that the material facts are in dispute. The well-pleaded allegations in the complaint as to liability are deemed admitted. *Geddes*, 559 F.2d at 560.

### E. Excusable Neglect

"This factor favors default judgment where the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). Plaintiff has both properly served Defendants and demonstrated that they have actual notice of the suit. Therefore, this factor weighs in favor of default judgment.

### F. Strong Policy Favoring Decisions on the Merits

"Our starting point is the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The seventh *Eitel* factor, by definition, weighs against entering default judgment.

Here, "Defendant's failure to answer Plaintiffs' complaint makes a decision on the merits impractical, if not impossible," making default judgment appropriate notwithstanding the policy against it. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

\* \* \*

In sum, six of the seven *Eitel* factors weigh in favor of entering default judgment on some, but not all, of Plaintiff's claims.

## III. REMEDIES

As explained above, Plaintiff has pleaded facts sufficient to establish and succeed upon only his FDCPA Section 1692c claim against Mr. Nestor; RFDCPA Section 1812.700 claim against Mr. Nestor; and RFDCPA Section 1788.17 claim against Mr. Nestor.

### A. Statutory Damages

The complaint seeks $1,000 in statutory damages under each statute and against each Defendant. (Dkt. No. 1 at 10.) Thus, for the claims on which the Court will grant default

judgment, the request translates to $1,000 under the FDCPA against Mr. Nestor and $1,000 under the RFDCPA against Mr. Nestor. *See Gonzales*, 660 F.3d at 1066 (noting that a plaintiff may recover under both statutes); *Davis v. Hollins Law*, 25 F. Supp. 3d 1292, 1295 n.1 (E.D. Cal. 2014) ("Courts have typically interpreted both Acts as providing statutory damages on a per-lawsuit, not a per-violation, basis.").

The FDCPA authorizes statutory damages up to $1,000 and requires the Court to consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. §§ 1692k(a)(2)(A), 1692k(b)(1). "Statutory damages under the FDCPA are intended to deter violations by imposing a cost on the defendant even if his misconduct imposed no cost on the plaintiff." *Gonzales*, 660 F.3d at 1067 (cleaned up). Plaintiff has not made any showing of the frequency and persistence of noncompliance by Mr. Nestor against other consumers, other than his three emails after Plaintiff said he refused to pay. That said, three emails after Plaintiff's clear refusal at least suggests intentional noncompliance. Accordingly, the Court awards $500. *Compare Davis*, 25 F. Supp. 3d at 1296 (awarding $250 for one-time violation of omitting a required disclosure from a voicemail after the parties had already communicated several times), *and Felldin v. Grant & Weber, Inc.*, No. 2:15-CV-0891-WBS-AC (TEMP), 2016 WL 3344493, at *5 (E.D. Cal. June 16, 2016) ($350 where defendants sent one letter after plaintiff instructed them to stop contacting her), *with Bretana v. Int'l Collection Corp.*, No. C 07–5934 JF (HRL), 2010 WL 1221925, at *2 (N.D. Cal. Mar. 24, 2010) ($1,000 where defendants "sent multiple letters to [plaintiff], citing liability for interest and fees that did not apply, [] improperly sued [plaintiff] in a California state court," and "failed to put in place any system or procedure to protect against errors").

The RFDCPA authorizes statutory damages between $100 and $1,000 only for "willful[] and knowing[]" violations. Cal. Civ. Code § 1788.30(b); *see Davis*, 25 F. Supp. 3d at 1296. As noted above, Mr. Nestor's three emails after Plaintiff's clear refusal to pay provides some basis to infer willfulness or knowledge. *But see Jackson v. First Nat'l Bank of Omaha*, No. CV 20-1295 DSF (JCx), 2022 WL 423440, at *8 (C.D. Cal. Jan. 18, 2022) (concluding that debt collector's

11

contacting plaintiff 222 times after she revoked consent did not establish that the contacts were willful and knowing as a matter of law). That said, the volume of communication was minimal. Accordingly, the Court awards $100.

### B. Attorneys' Fees & Costs

Both the FDCPA and the RFDCPA require an award of reasonable attorneys' fees and costs to the prevailing plaintiff. 15 U.S.C. § 1692k(a)(3); Cal. Civ. Code § 1788.30(c); *see Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

Attorneys' fees are calculated using the lodestar method, which "multipl[ies] the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Camacho*, 523 F.3d at 978 (cleaned up); *see PLCM Grp. v. Drexler*, 997 P.2d 511, 518–19 (Cal. 2000) (same under California law). Plaintiff's counsel seeks $8,585.00 in fees for 26.3 hours of work (after excluding 4.7 hours in its billing judgment): 5.8 hours by partner Michael F. Cardoza at $575 per hour; 11.2 hours by senior associate Lauren B. Veggian at $375; 0.5 hours by senior paralegal Samuel Albert at $200; 5 hours by Keanush Hakimian at $95 when he was a legal assistant, and 3.8 hours by him at $125 as a junior paralegal. (Dkt. No. 17-1 at 6–8.)[5]

The billing entries, (*id.* at 30–36), are sufficiently detailed to show that the hours expended were reasonable. *See Steiny & Co., Inc. v. Cal. Elec. Supply Co.*, 79 Cal. App. 4th 285, 293 (2000). And the rates are in line with rates in this district. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008) ("District judges can certainly consider the fees awarded by other judges in the same locality in similar cases. . . . The district court's function is to award fees that reflect economic conditions in the district[.]"); *see Chen v. Chase Bank USA, N.A.*, No. 19-cv-01082-JSC, 2020 WL 3432644, at *10 (N.D. Cal. June 23, 2020) ($475-750 for attorneys); *De Leon v. Ricoh USA, Inc.*, No. 18-cv-03725-JSC, 2020 WL 1531331, at *15–16 (N.D. Cal. Mar. 31, 2020) ($675-800 for principals); *Theodore Broomfield v. Craft Brew All., Inc.*, No. 17-cv-01027-BLF, 2020 WL 1972505, at *11–12 (N.D. Cal. Feb. 5, 2020) ($475-825 for partners); *Wilson v. Red Robin Int'l, Inc.*, No. 17-cv-00685-BLF, 2018 WL 5982868, at *3 (N.D. Cal. Nov. 14, 2018)

---

[5] Defendants' objections to Plaintiff's counsel's declaration are overruled.

($120-175 for paralegals).

Defendants insist that the fees sought are too high in light of Plaintiff's rejection of Defendants' early settlement offer. While "Federal Rule of Evidence 408 does not bar district courts in the Ninth Circuit from considering amounts discussed in settlement negotiations as evidence of the extent of the plaintiff's success," *A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 460–61 (9th Cir. 2013), Defendants do not offer admissible evidence of such negotiations. Defendants' counsel's declaration is based on inadmissible hearsay, not personal knowledge. (Dkt. No. 20 at 16–17 ¶ 9.)Defendants' argument that the requested attorneys' fees surpass the damages at issue is not persuasive; the purpose of attorneys' fees under these statutes is to attract competent counsel, which is in no way dependent on the damages at issue. *See Camacho*, 523 F.3d at 981; *Kottle v. Unifund CCR, LLC*, 992 F. Supp. 2d 982, 985 (C.D. Cal. 2014) ("As there rarely will be extensive damages, a rule of proportionality would discourage vigorous enforcement of FDCPA."). So too with the argument that Plaintiff failed to make a demand before filing suit; he had no obligation to do so, and in fact Defendants' default prolonged this dispute longer than did Plaintiff's filing suit.

The Court must, however, consider the extent of Plaintiff's success. *See McCown v. City of Fontana*, 565 F.3d 1097, 1103 (9th Cir. 2009) ("[A]ttorney's fees awarded under 42 U.S.C. § 1988 must be adjusted downward where the plaintiff has obtained limited success on his pleaded claims . . . ."); *see also Kottle*, 992 F. Supp. 2d at 985–86 (applying this rule to attorneys' fees under the FDCPA); *Branco v. Credit Collection Servs., Inc.*, No. 2:10–cv–01242–MCE–EFB, 2011 WL 6003877, at *4–5 & n.4 (E.D. Cal. Dec. 1, 2011) (same). Plaintiff brought three claims against Mr. Nestor and four claims against both Defendants. He has prevailed on one of the former and two of the latter, although only against one Defendant. Because Plaintiff was only partially successful against one defendant, and not successful at all against another defendant, the Court will reduce the substantive work on research and pleadings by fifty percent, resulting in a reduction of $2,411.25. *See Kottle*, 992 F. Supp. 2d at 986 (awarding 50% of lodestar); *cf. Branco*, 2011 WL 6003877, at *5 (awarding 10% of lodestar where "the violation was only a technical one; Plaintiff received only $1 in statutory damages, .01 percent of the statutory damages he initially sought; and finally, Plaintiff was not able to obtain the emotional distress damages he

initially sought"). The $8,585.00 lodestar less $2,411.25 results in a reasonable attorneys' fees award of $6,173.75.

Finally, Plaintiff's request for $767.04 in costs is reasonable, (*see* Dkt. No. 17-1 at 8, 36), with the exception of service on Defendant FlexShopper given that Plaintiff did not prevail against FlexShopper. Without that expense, the reasonable costs award is $602.32.

## CONCLUSION

Plaintiff's motion for default judgment is GRANTED in PART. The Court will enter judgment on Plaintiff's FDCPA Section 1692c claim against Mr. Nestor; RFDCPA Section 1812.700 claim against Mr. Nestor; and RFDCPA Section 1788.17 claim against Mr. Nestor. Plaintiff is entitled to $500 in statutory damages under the FDCPA; $100 in statutory damages under the RFDCPA; $6,173.75 in reasonable attorneys' fees; and $602.32 in costs.

This Order disposes of Docket No. 17.

**IT IS SO ORDERED.**

Dated: September 26, 2022

JACQUELINE SCOTT CORLEY
United States District Judge